IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELINDA YOUNG     PLAINTIFF

v.     No. 1:05CV257-D-B

PRENTISS COUNTY JUSTICE CENTER, ET AL.     DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Melinda Young (# 63785), who challenges the conditions of her confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act the court notes that the plaintiff was incarcerated when she filed this suit. The plaintiff alleges that the defendants did not administer medication to her which had been prescribed prior to her arrest by a free world doctor. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Physical Injury Required to Recover Compensatory Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, the plaintiff has not alleged any physical injury at all; nor has she alleged what type of medication prison officials allegedly failed to administer. As such, the instant case is hereby **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5th day of September, 2006.

                                         /s/ Glen H. Davidson
                                         CHIEF JUDGE